UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICHOLAS S. WERLING,

        Petitioner,

   v.                                                     Case No. 24-cv-0021-bhl

DENITA R. BALL, Warden,

        Respondent.

## ORDER SCREENING AND DISMISSING PETITION

Nicholas Werling filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on January 5, 2024. (ECF No. 1.) On February 2, 2024, he paid the filing fee of $5.00.[1] The Court now conducts a preliminary review of Werling's petition pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court.[2] The Court will apply those rules here. Rule 4 of the Rules Governing Section 2254 Cases requires the Court to "promptly examine" the petition:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of *habeas* petitions, the Court examines whether the petitioner has set forth cognizable constitutional or federal claims and tries to confirm that those claims have been exhausted in state court. Because Werling is not eligible for habeas relief, the Court will dismiss the petition.

---

[1] On January 30, 2024, Werling filed a motion to compel seeking to compel Rock County Jail to send his filing fee to the district court. On February 2, 2024, Werling's filing fee was received, so the Court will deny Werling's motion to compel as moot.

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Court permits the Court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." The Court will apply those rules here.

The petitioner alleges he was arrested on May 1, 2022, confined, and charged with possession of a firearm by an individual who was at one time subject to a Chapter 51 civil commitment order, in violation of Wis. Stat. § 941.29(1m)(e), in Milwaukee County Circuit Court Case No. 2022CF002289. (*Id.* at 4.) Werling claims he was assessed excessive bail, denied the right to a speedy trial and self-representation, his medical records were illegally disseminated in violation of Wis. Stat. § 51.30, and the charge violates the Second Amendment. (*Id.* at 10-12.)

Werling's online state court records show that that he has three open criminal cases: two pending in Rock County and one pending in Milwaukee County. According to the publicly available docket from Werling's state court case in Milwaukee County, his criminal case is ongoing in the Milwaukee County Circuit Court. *See State v. Werling*, Milwaukee County Circuit Court Case No. 2022CF002289 (available electronically at https://wcca.wicourts.gov) (last visited February 5, 2024). The most recent entry dated January 22, 2024, states that Werling appeared by video, in custody, and with counsel. The circuit court held a colloquy with Werling regarding his request to proceed *pro se* and for reasons stated on the record, granted Werling's request but will appoint standby counsel. The Court also allowed Werling's current attorney to withdraw as counsel and Werling withdrew his speedy trial demand. The circuit court scheduled a status conference for February 26, 2024. Thus, Werling is currently in detention awaiting trial and has brought a pre-conviction habeas challenge, but his charges are not yet resolved.

Werling filed this Section 2241 petition to challenge a state criminal prosecution that, at the time he filed his petition, was and is on-going. A federal court should exercise discretion when considering a pretrial habeas corpus petition so as to "avoid[ ] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The Seventh Circuit has made it clear that pretrial habeas corpus relief may be granted only in "special circumstances." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). Even when special circumstances exist, the petitioner must exhaust state-court remedies before coming to federal court. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *Stone v. Powell*, 428 U.S. 465, 493 n.35 (1976) ("State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law."). Exhaustion "requires a petitioner to

use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999).

Here, Werling's petition is premature. He is in the middle of an ongoing state criminal prosecution and there is no indication that those procedures will not offer Werling an adequate opportunity for review of any constitutional violations. For example, Werling alleges in his petition that his right to a speedy trial and self-representation had been denied. (ECF No. 1 at 10.) The most recent docket entry, however, indicates that since Werling filed his petition, Werling's request to represent himself was granted by the circuit court judge at a hearing held on January 22, 2024, and Werling withdrew his speedy trial demand. Thus, the issues raised in Ground Two of the petition, where the petitioner was seeking to proceed *pro se* and a speedy trial, have been resolved.

The only potentially viable federal habeas claim in the petition is that the state court imposed excessive bail which the petition alleges is "extremely disproportionate to other similarly situated defendants." (ECF No. 1 at 10.) "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail." *U.S. ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984) (quoting *Simon v Woodson*, 454 F.2d 161, 165 (5th Cir. 1972)). Bail is excessive only when it is set at "a figure higher than an amount reasonably calculated" to fulfill the purpose of assuring that the accused "will stand trial and submit to sentence if found guilty." *Stack v. Boyle*, 342 U.S. 1, 4-5 (1951). The circuit court ordered bail at $55,000. (ECF No. 1 at 10); *see Werling*, Milwaukee County Circuit Court Case No. 2022CF002289. Werling is accused of violating Wis. Stat. § 941.29, a Class G felony, for which the penalty is up to 10 years of prison. In Rock County Case No. 2022CF001221, Werling is charged with felony bail jumping. Given the seriousness of the charge in Case No. 2022CF002289, the petitioner's exposure if found guilty, and a pending charge of felony bail jumping in another criminal state court matter, the Court cannot say that circuit court's decision to set bail at $55,000 was arbitrary and not reasonably calculated to secure the defendant's attendance at trial. Federal courts are not permitted "to conduct a *de novo* bond hearing for every habeas corpus case that comes before it." *Fitzgerald*, 747 F.2d at 1133. The Court will therefore dismiss Werling's petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only

if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

Accordingly, **IT IS ORDERED** that Werling's petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is **DISMISSED**.

**IF IS FURTHERED ORDERED** that Werling's motion to compel, ECF No. 6, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.  The petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  The Clerk of Court is directed to notify the petitioner and enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 5, 2024.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge
